UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER ADAM THOMAS,<br>　　　　　Plaintiff,<br>　　v.<br>MONSANTO CO.,<br>　　　　　Defendant. | Case No. 21-cv-05234-HSG<br>**ORDER OF DISMISSAL** |

Plaintiff, a resident and citizen of the state of Washington, has filed the instant *pro se* action against Monsanto, a corporation incorporated in Delaware and with its principal place of business in Missouri. Dkt. No. 1 at 2. He alleges that from 2001 to 2005 he used a Monsanto-produced product, Roundup, which damaged his health. Dkt. No. 1 at 2-3. He seeks $18 million in compensatory damages. Dkt. No. 1 at 2-3. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. For the reasons set forth below, this case is DISMISSED for lack of venue. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

**B.     Venue**

Venue generally is proper in a judicial district in which: (1) any defendant resides, if all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).  Where a case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice."  *See* 28 U.S.C. § 1406(a).

Here, neither party is a resident of this district.  The events or omissions giving rise to the claim do not appear to have occurred in this district.  Accordingly, this action is DISMISSED for for lack of venue in this district.[1]  This dismissal is without prejudice to re-filing this action in the appropriate venue.

### CONCLUSION

For the reasons set forth above, the action is DISMISSED for lack of venue.  This dismissal is without prejudice to re-filing this action in the proper venue.  The Clerk shall enter judgment in favor of Defendant and close the case.

**IT IS SO ORDERED.**

Dated:  7/28/2021

                                                               _____
                                                               HAYWOOD S. GILLIAM, JR.
                                                               United States District Judge

---

[1] Plaintiff argues that the relevant multi-district litigation requires that this action be filed in the Northern District of California.  If Plaintiff seeks to join C No. 16-md-2741 mc, *In re Roundup Products Liability Litigation* (N.D. Cal.), he should seek guidance from the Judicial Panel on Multidistrict Litigation (www.jpml.uscourts.gov).